IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| LOCAL UNION #553, IBEW, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 5:24-cv-99-FL |
| POWERTEC, INC., | ) |
| *Defendant*. | ) |

**ORDER**

Pending before the Court is Plaintiff's Motion Default Judgment. On July 18, 2024, the Court entered default of the Defendant. Under Rule 55 of the Federal Rules of Civil Procedure, following the entry of default of the defendant, a default judgment may be entered by the Clerk of the Court "when the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." Fed. R. Civ. P. 55(b). Upon default, the defendant "admits the plaintiff's well-pleaded allegations of facts, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted).

Plaintiff's claim to enforce the decision of the Carolinas Recovery Agreement Labor Management Committee is brought pursuant to Section 301 of the LMRA, 29 U.S.C. § 185. Jurisdiction under Section 301 includes the power to enforce an award of a joint labor-management committee entered pursuant to the parties' collective bargaining agreement. *See Gen. Drivers, Warehousemen and Helpers, Local Union No. 89 v. Riss & Co.*, 372 U.S. 517, 519

(1963); *Merryman Excavation, Inc. v. Int'l Union of Operating Eng'rs, Local 150*, 639 F.3d 286, 290 (7th Cir. 2011).

In this case, based on the well-pled allegations of facts deemed admitted by Defendant's default, Plaintiff is entitled to default judgment. Under the parties' collective bargaining agreement ("CBA"), the Union filed a grievance concerning Defendant's failure to make $183,199.70 in required payments to the Board 63 Collection Account Trust for April, May, and June 2023. Pursuant to the CBA, the Union's grievance was heard by the Carolinas Recovery Agreement Labor Management Committee, which issued a decision on August 21, 2023. The Committee found that Defendant violated the CBA and ordered Defendant to pay the funds in question to the Board 63 Collection Account Trust. Defendant has failed to comply with the Committee's decision and failed to make any of the ordered payments to the Trust.

Accordingly, Plaintiff's Motion for Default Judgment is GRANTED and the Court will enter a judgment ordering Defendant to (1) pay $183,199.70 to the Board 63 Collection Account Trust, plus post-judgment interest at the rate set by 28 U.S.C. § 1961; and (2) pay $405.00 to Plaintiff in costs for its filing fee.

This the 2nd day of October, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge